UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

Criminal Case No. 15-20445
Honorable Linda V. Parker

TERRANCE A. KIMBLE,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

On November 4, 2014, Defendant pleaded guilty to Interference with Commerce by Robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count 1) and Using or Carrying a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2).  (Plea Agreement, ECF No. 40 at Pg. ID 76.)  On January 19, 2016, this Court sentenced Defendant to consecutive terms of imprisonment of 110 months on Count 1 and 120 months on Count 2, followed by 24 months of supervised release.  (Judgment, ECF No. 46.)  According to the Government, Defendant's projected release date is March 5, 2032.  This matter is presently before the Court on Defendant's Motion for Compassionate Release.  (ECF No. 48).  For the following reasons, the Court denies Defendant's motion.

## APPLICABLE LAW

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may move for compassionate release only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Under the statute, a court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. 18 U.S.C.§ 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098, 1113 (6th Cir. 2020). The burden is on the defendant to prove that "extraordinary and compelling reasons" exist to justify release under the statute. *See, e.g., United States v. Kannell*, No. 20-12635, 2021 WL 223485, at *1 (11th Cir. Jan. 22, 2021) ("The movant bears the burden of proving entitlement to relief under section 3582"); *United States v. Melgarejo*, 830 F. App'x 776, 778 (7th Cir. 2020) ("[the defendant] did not meet his burden of demonstrating that his circumstances were extraordinary and compelling"); *cf. United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (holding that the defendant bears the burden to show he is entitled to reduction of sentence under 18 U.S.C. § 3582(c)(2)).

The factors set forth in 18 U.S.C. § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him with any necessary correctional services and treatment. *See* 18 U.S.C. §3553(a).

## ANALYSIS

The Government does not dispute that Defendant exhausted his administrative remedies. (ECF No. 51 at Pg. ID 146.) On January 20, 2021, after review of Defendant's last comprehensive medical summary, the warden where Defendant is incarcerated denied his request for compassionate release. (*See* ECF No. 48 at Pg. ID 136.)

To demonstrate an extraordinary and compelling reason to warrant a reduction in his sentence, Defendant relies on the fact that he contracted COVID-19 while a resident at Terre-Haute United States Penitentiary. Defendant's medical records confirm that he contracted the virus in late December 2020. (*See* ECF No. 52-1 at Pg ID 177, 206, 214.) Defendant is 24 years old and does not claim to have a medical condition that increases his risk of severe illness if he contracts COVID-19—much less one identified by the CDC as presenting such an

increased risk. (*See* ECF No. 48.) Further, Defendant's Bureau of Prison medical records do not reflect such a condition. (*See* ECF Nos. 52-1 & 52-2.)

Defendant claims that he experienced loss of taste and smell, loss of appetite, head and body aches, and other COVID-19 related symptoms. (ECF No. 48 at Pg. ID 135, 137-138.) Defendant's contraction of COVID-19—particularly where he did not suffer severe complications and has since recovered—weighs against finding extraordinary and compelling circumstances. Therefore, his reasons for release are not "extraordinary and compelling." Further, the § 3553(a) factors do not support Defendant's release.

First, Defendant has been involved in a number of violent crimes. Defendant was charged in this case with four counts of Hobbs Act robbery and four counts of using a firearm during and in relation to a crime of violence. These offenses are serious in nature due to the presence of a firearm and the potential of harm to the victims. On four occasions, Defendant possessed a handgun during a robbery. During these robberies, Defendant brandished the firearm and, at least twice, pointed the weapon at individuals. (Plea Agreement, ECF No. 40 at Pg ID 77-79.) Defendant fired his weapon at individuals during two robberies. (*See id.*)

Prior to the instant offenses, Defendant amassed a lengthy criminal record despite his relatively young age. (*See* PSR ¶¶ 62-66.) In 2013, Defendant was charged with Breaking and Entering and Possession of a Firearm after he broke

into a home, and police found him in the upstairs of the residence. (*Id.* ¶ 63.) Defendant was placed in a residential detention program, followed by intensive probation. (*Id.*) Defendant assaulted a fellow inmate while in the detention program for the 2013 offense, resulting in his termination from the program and conviction for assault and battery, for which he received nine-months probation. (*Id.* ¶¶ 63-64.) A probation warrant violation was issued on May 7, 2014, due to Defendant's failure to notify his probation officer of his discharge from the residential program and for pushing an employee at the facility. (*Id.* ¶ 64.) In 2014, Defendant got into a fight at Academy West Alternative School, a school that he did not attend, and had to forcibly be taken into custody. (*Id.* ¶ 65.) Defendant was convicted of hindering and a fine was imposed. (*Id.*)

While in pretrial custody in the Midland County Jail for the instant offense, Defendant assaulted a fellow inmate and was sentenced to a 46-day term of imprisonment. (*Id.* ¶ 66.) While in the custody of the Bureau of Prisons, Defendant has accumulated 23 disciplinary infractions. (ECF No. 51-2.) Four of the infractions involved Defendant's possession of a dangerous weapon or hazardous tool. (*Id.*) Surveillance video showed Defendant attempting to stab an inmate with a homemade weapon during one assault. (*Id.* at Pg ID 172.)

Second, at sentencing the Court found the imposed sentence to be warranted under the circumstances which repeatedly involved violent acts. Defendant's

conduct while incarcerated has provided further reasons why his continued incarceration is necessary. The violent nature of the instant offenses and the other extreme cases of violence displayed in Defendant's criminal history collectively provide significant reasons for denying his request for release. The benefit of keeping Defendant incarcerated outweighs the risk posed to the public if he is released. Granting Defendant's motion and releasing him at this time will not appropriately "reflect[s] the seriousness of the offense," "promote[s] respect for the law," or "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a).

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 18, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 18, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager